# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEONNA THOMAS<br>    a/k/a "Fatayat Al Khilafah"<br>    a/k/a "YoungLioness" | CRIMINAL NO. 15-171 |

**MEMORANDUM RE DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

**Baylson, J.**                                                                                                    **December 23, 2015**

## I.  Introduction and Parties' Contentions

On April 23, 2015, a grand jury indicted Keonna Thomas for behavior allegedly occurring in this District from August 2013 to March 2015.  The indictment charged that Thomas "knowingly and intentionally attempted to provide material support and resources, as defined in [18 U.S.C. § 2339A(b) (2015)], including THOMAS herself as personnel, to a foreign terrorist organization, to wit: the Islamic State of Iraq and the Levant [aka ISIL] [i]n violation of [18 U.S.C. § 2339(B) (2015)]."  ECF 12.  Thomas has now moved to dismiss the indictment.  ECF 32.

Thomas raises several constitutional challenges.  She argues that the statute under which she has been charged:

- Is impermissibly vague as applied because the term "personnel" did not allow her a reasonable opportunity to know what conduct the statute prohibits (id. at 4-8);

- Is overbroad for criminalizing activity such as advocating for terrorism, marriage to a member of a foreign terrorist organization ("FTO"), associating with members of FTOs, and attempting to travel to FTO-controlled territory (id. at 14-15);

1

- Violates her freedom of association under the First Amendment by criminalizing mere association with or travel to FTOs (id. at 9-12); and

- Violates her freedom of speech under the First Amendment by punishing her for protected pro-terrorist speech (id. at 12-14).

Thomas also argues the indictment is deficient because it fails to allege that Thomas provided material support to a known FTO and because ISIL was not designated an FTO under May 2014. Id. at 15-16.

The Government notes in opposition that many courts, including the Supreme Court, have rejected the arguments Thomas has made. ECF 36 at 3 (citing Holder v. Humanitarian Law Project, 561 U.S. 1 (2010)). It argues that the statute clearly defines "personnel" such that it is not vague, id. at 4-5, and that the statute's "minimal" impact on protected speech means it is not overbroad, id. at 5-7. The Government further argues that because the statute only prohibits providing material support to FTOs, and not expressive activity or association, it does not run afoul of the First Amendment. Id. at 7-10. Finally, the Government contends that the indictment is sufficient. Id. at 10-14.

**II. Analysis**

The Court begins with Thomas's challenge to the indictment itself, which asserts a defect from the indictment's failure to specify that Thomas knew ISIL is a known FTO.[1] Thomas has not cited any case, and this Court knows of none, in which an indictment under 18 U.S.C. § 2339(B) was held defective for failure to allege that the defendant knew the FTO at issue was in fact a designated terrorist organization. In fact, cases from other districts have upheld

---

[1] Thomas also argued that the indictment was defective for alleging that Thomas's alleged support for ISIL beginning in August 2013 predates ISIL's designation as an FTO. ECF 32 at 16 n.10. The Government notes in response, however, that the organization now called ISIL has been designated an FTO, albeit under a former name, since 2004. ECF 36 at 14 n.6.

indictments without such language. United States v. Ahmed, 94 F. Supp. 3d 394, 424 (E.D.N.Y. 2015), reconsideration denied, No. 12-CR-661(SLT)(S-2), 2015 WL 1636827 (E.D.N.Y. Apr. 10, 2015). The Court rejects this argument.

Having found the indictment sufficient, the Court next examines Thomas's constitutional challenges. Thomas and the Government evaluate the applicability of 18 U.S.C. § 2339(B) to the facts of this case from dueling points of view. Thomas examines each of the Government's factual contentions about what she did individually, arguing that they are not actionable because they are each protected conduct. See, e.g., ECF 32 at 7 (speaking positively of jihad on social media and associating with members of an FTO); id. at 8 (attempted travel to territory occupied by ISIL). For the Government, Thomas's activities such as expressing pro-FTO sentiments on Twitter and attempting to travel to Turkey are not to be viewed in isolation. Instead, they allegedly represent evidence of a broader attempt "to provide unlawful material support to ISIL through conduct including her plan and attempt to travel to Syria in order to support, fight with, and martyr herself on behalf of ISIL." ECF 36 at 10. Thomas's theory of the case, in other words, presupposes that the Government cannot prove that she had a broader plan to provide material support to ISIL; Thomas's briefing assumes that the Government is instead seeking to punish Thomas for expressive conduct in its own right, rather than seeking to use Thomas's behavior as evidence of her broader scheme.[2] Whether or not the Government can demonstrate Thomas attempted to provide material support is a factual question that must be resolved at trial. United States v. Huet, 665 F.3d 588, 594-95 (3d Cir. 2012) (emphasis omitted) (citations

---

[2] The Court notes here that Thomas incorrectly argues that she could not be guilty of offering material support to ISIL based on allegations that she attempted to fight with and martyr herself on behalf of ISIL. ECF 32 at 9. Although Thomas is correct in arguing that the statute "does not prohibit being a member of one of the designated groups or vigorously promoting and supporting the political goals of the group," id. (citations omitted), fighting and martyring oneself to benefit a FTO clearly goes beyond mere membership and promotion and crosses the line into material support if done under the FTO's direction or control.

3

omitted) ("An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits.").

Furthermore, Thomas can point to no authority supporting her arguments. In fact, numerous courts have rejected them and Thomas's attempts to distinguish those cases are unpersuasive. Most notably, the Supreme Court has held that the statute is not unconstitutionally vague and does not violate First Amendment rights to free speech and association. Holder, 561 U.S. at 40. As Holder noted, the statute defines "personnel" to mean that an individual must "work under [a] terrorist organization's direction or control." Id. at 23. That crucial limitation prevents the statute from sweeping in protected expressive or associational activity,[3] and instead cabins the law to punishing those who provide material support for FTOs.

For the reasons stated above, Thomas's Motion to Dismiss the Indictment shall be denied.

An appropriate Order follows.

O:\steve.2015\15-cr-171 USA V. Keonna Thomas\Memo re Dismiss Indictment.docx

---

[3] Most notably, none of Thomas's purported examples of potentially innocent third parties who could theoretically be prosecuted under the statute actually compromise anyone who could be said to be under an FTO's direction or control. See ECF 32 at 15; United States v. Lindh, 212 F. Supp.2d 541 (E.D. Va. 2002) ("One who is merely present with other members of the organization, but is not under the organization's direction and control, is not part of the organization's 'personnel.'").